IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE ALFREDO AGUILAR SALINAS,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, McCook Detention Center, et al.,<br><br>Respondents. | 8:26-CV-467<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The petitioner asserts his prolonged detention—since November 22, 2025—violates the Due Process Clause of the Fifth Amendment. Filing 1 at 1, 6-7. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Mexico who entered the United States at an unknown place and time. *See* filing 8 at 4. He was encountered by immigration officials in a Cedar Rapids, Iowa jail on November 20, 2025 and after serving a two-day jail sentence there, was taken into ICE custody. Filing 8 at 4; filing 8-1. He was kept in the Linn County, Iowa jail until December 11, when he was transferred to McCook. Filing 8 at 4. He was denied a bond hearing on January 8, 2026, on the grounds that the immigration judge lacked jurisdiction to order his release or, alternatively, he was a danger to the community because of a DUI offense. *See* filing 8 at 4; filing 8-3. On April 28, an immigration judge ordered cancellation of the petitioner's removal proceedings, and the government appealed that decision to the Board of Immigration Appeals, where it remains pending. *See* filing 8 at 4-5; filing 8-4.

The government contends, correctly, that the petitioner is an "arriving alien" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), under the Eighth Circuit's construction of § 1225 in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). But the petitioner has been detained for no less than seven months without an individualized custody determination, which infringes on his Fifth Amendment due process rights for the reasons articulated in *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).[1] Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a constitutionally sufficient detention hearing **on or before September 11, 2026**.

3. If the government does not provide the petitioner with a detention hearing as required, the petitioner must be immediately released from detention.

---

[1] As in *Oporta*, the Court declines to prescribe the *precise* form such a hearing should take (although the procedures associated with 8 U.S.C. §§ 1226(a) or 1231(a) and their associated regulations are probably the most straightforward course) so long as the requirements of due process are meant: The petitioner must have notice and an opportunity to present evidence and argument to a neutral administrative official, *cf. Morrissey v. Brewer*, 408 U.S. 471, 485-88 (1972), and a individualized justification is necessary to detain the petitioner without bond, *see Oporta*, 2026 WL 2224753, at *5.

4. If an immigration judge determines the petitioner should be released on bond, or if the petitioner is released because a detention hearing was not held, the government shall return the petitioner to Cedar Rapids, Iowa or provide him with the means to return there.

5. **On or before September 14, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 28th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge